IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

RUSSELL JAY NEWELL,

        Petitioner,

v.                                       **Civil Action No. 5:23-CV-10**
                                           Judge Bailey

R. BROWN, Warden,

        Respondent.

### ORDER DISMISSING PETITION

On January 13, 2023, the *pro se* petitioner, Russell Jay Newell ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the legality of his sentence from the Southern District of Georgia. For the reasons that follow, the petition will be dismissed.

Petitioner raises a single ground challenging the validity of his conviction and sentence. Petitioner contends that he was erroneously sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Petitioner argues that his ACCA sentence relied on a predicate offense of a prior state burglary conviction. He contends that the burglary conviction did not result in a term of imprisonment and as such he was not entitled to counsel. Petitioner argues that following **United States v. Perez-Macias**, 335 F.3d 421 (5th Cir. 2003), his conviction is no longer valid. The Court notes that petitioner further cites **Holt v. Warden Streeval**, 2022 U.S. Dist. LEXIS 150192, a case in which a district court stayed a case pending the Supreme Court's decision in **Jones v.**

*Hendrix*, 143 S. Ct. 1857 (2023).  Construing the *pro se* pleading liberally, petitioner appears to be arguing that this case should be stayed pending the outcome of *Jones*; however, as that case has now been decided, this argument is moot.

This Court possesses the authority to screen petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  As discussed more fully below, petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  *Fontanez v. O'Brien*, 807 F.3d 84, 85 (4th Cir. 2015).

2

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2). While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion.[1] However, the Supreme Court recently held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]." *Jones v. Hendrix*, 143 S. Ct. 1857, 1860 (2023). Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court." *Id.* at 1866. Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his conviction or sentence under § 2241. *See Id.* at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all.** Congress has chosen finality over error correction in his case.") (emphasis added); *see also Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658, at

---

[1] *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) to challenge conviction; and *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018) to challenge sentence.

\*1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following *Jones*, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Petitioner has not shown that it is impossible or impracticable to present his claims to his sentencing court. Accordingly, petitioner cannot present his claims in a § 2241 petition, and this Court is without jurisdiction to entertain his claims. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Accordingly, the Petition [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

DATED: August ___1___, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE